UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-00506-REB

GRIFFITH J. DAVIES,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER REVERSING DISABILITY DECISION
## AND REMANDING TO COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed March 14, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of monocular vision and bipolar disorder. After his application for disability insurance benefits and supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on May 2, 2006. At the time of the hearing, plaintiff was 43 years old. He has a high school degree and two years of

vocational training in automotive technology, and past work experience as a grocery cashier, motel clerk, orderly, lubrication servicer, and route salesperson. Plaintiff has not engaged in substantial gainful activity since January 26, 2006.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that although plaintiff did not have the residual functional capacity to perform his past relevant work, there were other jobs existing in significant numbers in the national economy that were consistent with his limitations. The ALJ therefore found plaintiff not disabled at both step four and step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a

finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff's various allegations of error all stem from the common argument that the ALJ failed to properly evaluate the opinion of his treating physician, Dr. Alisabeth Thurston-Hicks. I agree, and therefore reverse.

Dr. Thurston-Hicks completed a Medical Source Statement of Ability To Do Work-Related Activities (Mental), in which she opined that plaintiff's mental impairment does not limit his ability to understand, remember, and carry out short, simple instructions or make judgments on simple work-related matters, slightly limits his ability to understand, remember and carry out detailed instructions, moderately limits his ability to interact with the public and respond appropriately to work pressures in a usual work setting, and markedly limits his ability to interact with supervisors and co-workers. (Tr. 144-145.) Treating source opinions are to be afforded controlling weight when thy are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); **see also Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003).

The ALJ stated that she gave "great weight" to Dr. Thurston-Hicks's opinion regarding plaintiff's functional limitations. (Tr. 19.) Nevertheless, in questioning the vocational expert at the hearing, the ALJ's hypothetical included only the restriction that the jobs in question "not require more than occasional interaction with supervisors, coworkers or the general public[.]" (Tr. 194.) This limitation, which was carried through to the ALJ's final determination (Tr. 21), is less restrictive than that suggested by Dr. Thurston-Hicks's opinion, despite the ALJ 's purported reliance thereon. **See Social Security Ruling 83-10**, 1983 WL 31251 at *5 (SSA 1983) (defining "occasionally" as "occurring from very little up to one-third of the time"); **Schuh v. Barnhart**, 2004 WL 103413 at *1 n.3 (3rd Cir. Jan. 23, 2004) ("We have indicated that 'moderately limited'

means that an impairment interferes with the claimant's ability to perform a given task up to one third of the time.") (citing **Morales v. Apfel**, 225 F.3d 310, 314 n.4 (3rd Cir. 2000)).

Of course, treating source opinions are not required to be afforded any special significance, much less controlling weight, in the determination of issues reserved to the Commissioner, such as residual functional capacity. *See* 20 C.F.R. § 416.927(e); **Sosa v. Barnhart**, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), **adopted**, 2003 WL 21428384 (D. Kan. Jun. 17, 2003). Nevertheless, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996). Nothing in the ALJ's opinion explains why, having claimed to afford "great weight" to Dr. Thurston-Hicks's assessment of plaintiff's functional limitations, the ALJ ultimately deviated from that opinion.

Nor was the error harmless. When asked to include in her hypothetical a marked limitation on the ability to interact with supervisors and co-workers, the vocational expert opined that this "would make maintaining employment impossible." (Tr. 196.) I do not credit the Commissioner's argument, endorsed by the Appeals Council, that the terms "moderate" and "marked" are "too vague to serve as specific residual functional capacity limitations." (Tr. 6.) These terms, which originated with the Commissioner, have well-defined meanings that were specifically set forth in the form Dr. Thurston-Hicks completed. (*See* Tr. 144.) The Appeals Council's supposition that

6

the meanings of these terms was unknown to the vocational expert simply defies common sense. Yet even if I were to presume the truth of that assertion, fault for the lapse lies with the Commissioner, whose burden it is to show that plaintiff had the residual functional capacity for jobs other than his past relevant work.

Moreover, I cannot accept the Commissioner's invitation to engage in *post hoc* rationalization of the ALJ's decision based on reasons not advanced in her opinion. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005). It may well be that the other evidence of record is inconsistent with Dr. Thurston-Hicks's conclusion that plaintiff suffers from marked limitations in his ability to interact with supervisors and co-workers, but the ALJ did not make that determination in the first instance.[1] Accordingly, the disability decision must be reversed.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That judgment **SHALL ENTER** on behalf of plaintiff, Griffith J. Davies, and against defendant, Michael J. Astrue, Commissioner of Social Security; and

3. That this case is **REMANDED** to the ALJ, who is directed to:

---

[1] Although the ALJ did refer favorably to the residual functional capacity assessment of a state agency physician, she specifically referenced only that portion of the assessment which found that plaintiff was "able to maintain attendance/pace within customary tolerances when work does not involve tasks of more than limited complexity or attention to detail (Exhibit 6F)." (Tr. 20 (citing Tr. 118-120).) Not only is that much of the state agency physician's opinion not inconsistent with Dr. Thurston-Hicks's marked limitation finding with respect to supervisor and co-worker interaction, the ALJ went on to affirm that in accepting this finding "greater weight is accorded to the clinical findings, opinions and assessments of treating and examining physicians." (Tr. 20.)

[2] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

7

a. Reevaulate the extent to which any limitation on plaintiff's ability to interact with supervisors and co-workers impacts his residual functional capacity and thus his ability to perform either his past relevant work or other jobs existing in significant numbers in the local and national economy;

b. Recontact any of the treating or examining physicians for further clarification of their findings, seek the testimony of medical experts, order subsequent consultative examinations, or otherwise further develop the record as she deems necessary;

c. Reevaluate plaintiff's residual functional capacity; and

d. Reassess the disability determination.

Dated March 24, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**